The document below is hereby signed.

Signed: February 10, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 10-01043 |
| MARINA BUHLER-MIKO, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO SEAL TRANSCRIPT

The debtor has filed with the court a Motion to Seal Transcript (Dkt. No. 110, filed January 28, 2011). In the Motion the debtor moves the court to seal the transcript of a January 26, 2011, hearing on creditor Ann McGeehan's Motion to Dismiss the debtor's bankruptcy case, to seal affidavits presented by McGeehan in support of witness testimony, and to seal the motion to dismiss itself. The debtor contends that the record should be sealed because the testimony presented at the hearing was "filled with misrepresentations and half-truths and [was] aimed blatantly at character defamation" and because she is fearful that McGeehan will post the transcript and other documents presented at the hearing on the internet.

"The decision as to access [to judicial records] is one best

left to the sound discretion of the trial court, a discretion exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 292, 316-17 (D.C. Cir. 1980). Importantly, however, there is a "strong presumption in favor of public access to judicial proceedings." *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). The D.C. Circuit Court of Appeals has set forth six factors for the court to consider in evaluating a motion to seal:

    (1) the need for public access to the documents at issue;

    (2) the extent of previous public access to the documents at issue;

    (3) the fact that someone has objected to disclosure and the identity of that person;

    (4) the strength of any property or privacy interests asserted;

    (5) the possibility of prejudice to those opposing disclosure; and

    (6) the purposes for which the documents were introduced during the judicial proceeding.

*Hubbard*, 650 F.2d at 317-22.

The need for public access to court records "serves the important function[] of ensuring the integrity of judicial proceedings . . . ." Further, "[t]he presumption in favor of

public access is strongest when 'the documents at issue [are] . . . specifically referred to in a trial judge's public decision.'" *Upshaw v. U.S.*, 210 WL 4985878, at *2 (D.D.C. December 9, 2010) (quoting *EEOC v. Nat'l Chilren's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  Here, the court rendered its decision based on the testimony contained in the transcript and the transcript itself contains the court's opinion.  Regarding the affidavits, to the extent they were presented at the hearing, they were never entered into evidence and, consequently, not part of the record.  Regarding the motion to dismiss itself, this was the operative document on which the court acted and, as a result, integral to the court's decision.  Accordingly, this factor weighs against the debtor.

The extent of previous public access to the documents also weighs against the debtor.  The hearing was open to the public.  Indeed, there were a handful on individuals in attendance.  Moreover, the motion itself has been on the court's docket, available to the public for more than 3 months.  The affidavits too were presented at the public hearing.  Thus, this factor also weighs against the debtor.

The next three factors, that someone has objected, the strength of the privacy interests involved, and the possibility of prejudice, do not support sealing the record.  "The fact that a party moves to seal the record weighs in favor of the party's

3

motion.  However, because there will necessarily be a party objecting to disclosure whenever a court is faced with a motion to seal, the inquiry does not end there: the [] court must assess whether that party would be prejudiced by disclosure." *Upshaw*, 2010 WL 4985878 at *3.  Here, there is no great privacy interest asserted.  The facts presented at the hearing, in the affidavits, and in the motion itself were all derived from public sources, the individuals who presented testimony or submitted affidavits.  The debtor has not alleged that these individuals gained access to otherwise private information by illicit means.  Furthermore, the debtor has likewise failed to show prejudice.  At bottom, the debtor's only contention is that the testimony, affidavits, and facts alleged in the motion were false.  While this could prejudice the debtor, it is the same prejudice that faces any other litigant, and at most this factor is neutral.

Finally, the purposes for which the documents were introduced cuts only slightly for the debtor.  The debtor voluntarily commenced this case and sought bankruptcy relief in this court.  In doing so, she opened herself up to the public airing of her affairs.  Although, for the reasons stated at the January 26, 2011, hearing, the testimony presented was not particularly relevant to a motion to dismiss, it is the type of testimony the court frequently hears in proceedings seeking to deny the entry of discharge.  While there is an argument that no

judicial purpose was served by the testimony and affidavits presented by McGeehan at the hearing, this fact only cuts slightly in the debtor's favor.

By sealing the record, the court would foreclose the public from understanding its reasons for denying McGeehan's motion to dismiss. In light of the importance of maintaining public trust in the courts and in light of the already public nature of the record the debtor seeks to seal, I do not find this is an appropriate case for sealing the record. Accordingly, it is

ORDERED that the debtor's Motion to Seal Transcript (Dkt. No. 110) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.

Ann McGeehan
11777 Farside Road
Ellicott City, MD 21042