The document below is hereby signed.

Signed: February 10, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 10-01043 |
| MARINA BUHLER-MIKO, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION AND ORDER DENYING
MOTION FOR RECONSIDERATION OF SANCTIONS

Ann McGeehan, a creditor in the above-captioned case, has filed with the court a motion to reconsider the court's January 31, 2011, Order Granting Debtor's Motion for Sanctions Against Ann McGeehan (Dkt. No. 120). In her Motion, McGeehan argues that the court should reconsider based on her having timely cancelled the hearing in the landlord tenant court upon having received this court's December 6, 2010,[1] Order Re Request for Reconsideration or Clarification of Order Granting Relief from the Automatic Stay, and that it was the delay in the court's

---

[1] McGeehan's motion states that the Order was docketed on December 8, 2010, but the docket reflects that it was instead entered on the 6th. Regardless, the relevant date as to McGeehan's good faith argument is the date she claims she received the notice, December 10, 2010.

entering the Order that caused her to delay cancelling the hearing in the landlord tenant court until the day of the hearing in that court. McGeehan further contends that it was only upon receiving her Motion for Clarification that the debtor moved for sanctions for violating the stay and that this should not be a basis for penalizing McGeehan. For the reasons that follow I will deny the motion.

First, the fact that McGeehan did not initially understand that the court's order lifting the automatic stay did not permit her to seek unpaid rent is immaterial for purposes of determining a stay violation. McGeehan appears to be arguing that there was no bad faith on her part in the first instance. But lack of bad faith, or the presence of good faith, is not a defense to the imposition of sanctions pursuant to the court's civil contempt power. *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949). Under 11 U.S.C. § 362(k)(2), an alternative basis for imposing sanctions, McGeehan's good faith is only relevant to the extent the debtor sought more than actual damages. The debtor having restricted her motion for sanctions to her actual damages, reconsideration on this basis is appropriately denied.

Second, the date on which McGeehan received the court's order is likewise immaterial for purposes of determining whether she violated the stay. Again, McGeehan appears to be arguing that she acted in good faith by timely cancelling the hearing

upon receipt of the court's December 6, 2010, Order.  For the reasons previously stated, however, whether McGeehan acted with good faith is irrelevant for purposes of the debtor's motion: only if the debtor were seeking punitive damages would whether McGeehan acted in good faith become relevant.

Third, McGeehan's contention that the debtor should not be able to use McGeehan's Motion for Clarification as "a basis to seek a sanction award to penalize [McGeehan]" is unpersuasive. In the first instance, the Motion for Clarification was not the basis for the debtor's motion; rather, it was McGeehan's setting a hearing in the landlord tenant court to collect unpaid rent. While, to be sure, the motion for clarification might have alerted the debtor that there had been a stay violation, it did not itself form the basis for the debtor's motion.  Furthermore, McGeehan's policy argument that "[h]onesty in seeking the court's clarification should be encouraged" is similarly unpersuasive. Even if McGeehan had not sought the court's clarification, the stay violation would still have occurred and the debtor would still be entitled to recover her actual damages.  And, in any event, the debtor would have learned of the stay violation in due course, regardless of McGeehan's filing.  At most, McGeehan's Motion for Clarification gave the debtor early notice of the stay violation.  This alone is not a basis for setting aside the court's determination that McGeehan violated the stay.

Finally, McGeehan's argument that debtor's counsel was fully aware of the pendency of the Motion to Clarify prior to the December 10, 2010, landlord tenant court hearing is also unavailing as a basis for reconsidering the court's determination that McGeehan violated the stay.  The stay violation happened the instant McGeehan caused a hearing to be set in the landlord tenant court regarding the debtor's unpaid rent.  While the debtor's attorney's knowledge of the Motion for Clarification might speak to whether certain damages ought to be disallowed as unreasonable based on the debtor's failure to mitigate, the debtor's attorney's knowledge is irrelevant as to whether McGeehan violated the stay in the first place.  If and when the debtor files a statement of damages for McGeehan's having violating the stay, McGeehan can raise this as an argument as to the reasonableness of the damages the debtor suffered as a result of McGeehan's stay violation.

For these reasons, it is

ORDERED that Ann McGeehan's Motion for Reconsideration of Sanctions (Dkt. No. 120) is DENIED.

[Signed and dated above.]

Copies to: Debtor; Chapter 7 Trustee; Office of United States Trustee.

Ann McGeehan
11777 Farside Road
Ellicott City, MD 21042